## EVERYBODY'S TOOL & DIE WORKS, Inc., v. COSTA.

### No. 478.

Circuit Court of Appeals, Second Circuit.
July 22, 1935.

Fritz Ziegler, of New York City (Samuel E. Darby, Jr., of New York City, of counsel), for appellant.

Mock & Blum, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The subject of this patent is a buckle made of two pieces of metal, one of which nests in the other. Each piece is of such shape as may be desired for the buckle, and each has a transverse crossbar integral with the sides. When pushed together, they form the completed whole, and serve in covered buckles to hold the covering fabric in place. Of the claims in suit, only 8 relates to a covering. Otherwise it is substantially like the remainder, of which No. 1 is typical enough to quote for all present purposes.

Claim 1. "A buckle having a body formed of two dished plates of sheet metal secured together at their peripheries in substantially parallel spaced relation, each of said plates being provided with two apertures separated by an integral cross-bar member forming a cross-bar having single walls spaced apart and positioned in the same planes as the front and rear faces of the buckle and having double walls spaced apart and facing laterally of the front and rear faces."

The buckle lends itself readily to cheap manufacture, and has been made and sold extensively. It differs from a similar buckle disclosed by Scutti in a prior patent No. 1,213,695, issued to him January 23, 1917, in that Scutti's crossbar was a separate piece of metal held in place by the pressure of the nested members. That was one of the references against the application and held not to anticipate. We need make no comment concerning the action in the Patent Office in this respect, but mention the incident merely to show the narrowness of the possible field of novelty.

At the trial, there was proof of the prior use of a buckle known as the Hill buckle. We have no difficulty whatever with the quantum of such proof, since counsel for the plaintiff then conceded the fact of such prior use. This Hill buckle not only has the features similar to the buckle of the patent in suit which the Scutti buckle possessed, but it has the crossbar integral with each of the two parts shaped to nest as does the Lerma buckle. Indeed, it is identical in construction with the buckle of the patent in suit except that it is not covered. This is a complete anticipation of all the claims sued upon except claim 8, and they are held invalid for that reason.

Furthermore, there is no patentable difference between claim 8 and the others. It is not only common knowledge that covered buckles are very old, but Lerma himself testified that: "It is old in the art to cover buttons and buckles by putting a piece of fabric on a lower shell and a piece of fabric on an upper shell and pressing the two shells together to cover buttons. That has been known in the art a long time before I applied for my patent." There was certainly no invention in putting a fabric cover upon Hill's buckle. Lerma did no more.

In view of the foregoing, it is unnecessary to discuss the construction of the buckles claimed to infringe or to consider the defense based on the alleged invalidity of a disclaimer filed.

Decree reversed, with directions to enter a decree holding all claims in suit invalid.